Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000110
27-MAR-2014
08:41 AM

NO. CAAP-12-0000110

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CHRISTINE McCOMAS, Defendant-Appellant.


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC CR. NO. 11-1-0137K)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Christine McComas (McComas) appeals from the "Judgment Guilty Conviction and Sentence," filed on November 9, 2011 in the Family Court of the Third Circuit (family court).[1] McComas was convicted of Abuse of Family or Household Members, in violation of Hawaii Revised Statutes (HRS) § 709-906(1) (Supp. 2012).[2]

---

[1] The Honorable Joseph P. Florendo, Jr. presided.

[2] HRS § 709-906(1) stated:

§709-906 **Abuse of family or household members; penalty.** (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4). The police, in investigating any complaint of abuse of a family or household member, upon request, may transport the abused person to a hospital or safe shelter.

For the purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a

(continued...)

On appeal, McComas alleges that she received ineffective assistance of counsel because (1) trial counsel only provided a copy of a police report two days prior to trial, (2) trial counsel failed to discuss the content of the police report with her, (3) trial counsel failed to discuss available defenses, (4) trial counsel failed to prepare for trial and only met with her for five minutes two days prior to trial, and (5) trial counsel failed to meet with her and her husband John McComas (John), the complaining witness. McComas further claims that she received ineffective assistance of counsel because trial counsel failed to inform her that the State would not offer a plea bargain if her case proceeded in district court and that she would have received a plea bargain if she demanded a jury trial. In her Reply Brief, McComas claims that trial counsel's failure to request a mental examination, pursuant to HRS § 704-404 (1993 and 2013 Supp.), constituted ineffective assistance of counsel.

Additionally, McComas claims that the family court plainly erred by convicting her because her conviction is contrary to the legislative intent of HRS § 709-906, that the family unit should be retained and the abusing spouse should not be branded a criminal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve McComas's points of error as follows:

(1) We first address McComas's claim that she received ineffective assistance of trial counsel because (a) trial counsel only provided a copy of a police report two days prior to trial, (b) trial counsel failed to discuss the content of the police report with her, (c) trial counsel failed to discuss available defenses, (d) trial counsel failed to prepare for trial and met

---

[2](...continued)
child in common, parents, children, persons related by
consanguinity, and persons jointly residing or formerly
residing in the same dwelling unit.

with her for five minutes two days prior to trial, and (e) trial counsel failed to meet with her and John. McComas argues that these alleged errors had the prejudicial effect of trial counsel being unable to develop a coherent self-defense argument because testimony would have shown that John, the complaining witness, filled out the Domestic Violence Statement Form in the heat of the moment; John did not tell the police about his physical actions toward McComas immediately prior to her alleged physical abuse; John exaggerated the effects of her actions on him; John was aware he provoked McComas; and John called the police because he was concerned about McComas's emotional and psychological well being due to medication that she was taking, not to report physical abuse.

We consider the following standards:

> When reviewing a claim of ineffective assistance of counsel, [the appellate court] looks at whether defense counsel's assistance was within the range of competence demanded of attorneys in criminal cases. The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. A defendant need not prove actual prejudice.

State v. Wakisaka, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003) (footnote, citations and internal quotation marks omitted).

McComas fails to carry her burden of establishing the withdrawal or substantial impairment of a potentially meritorious defense. At trial, McComas's trial counsel argued that McComas acted in self-defense by claiming that John physically harmed McComas after inviting her into his house. Contrary to McComas's assertion, her trial counsel could not show that John filled out the Domestic Violence Statement Form in the heat of the moment. John testified that he called the police within a half an hour after the incident, that the police arrived an hour and a half

3

after he called them, and that he then filled out the form. A two-hour delay between the incident and completion of the form does not demonstrate that John filled out the form in the heat of the moment.

There was also evidence of John's physical actions toward McComas immediately prior to her physical abuse of him. John himself testified about his actions, stating that after McComas refused his verbal request to leave, he "grabbed ahold of her and shoved her out." John stated that he grabbed her arms to force her out of the house. On cross-examination, McComas's trial counsel asked questions to underscore John's testimony that he grabbed McComas first and that he failed to include these actions in his written statement. John's testimony explained his actions prior to the abuse by McComas.

Further, McComas's trial counsel did not fail to elicit testimony from John that he might have exaggerated the effects of McComas's actions on him. Contrary to the Domestic Violence Statement Form, John testified that there were no scratch marks on his wrist, he did not feel pain when McComas struck him, and any red marks on him were the result of a struggle between them. Trial counsel also elicited testimony from John that he grabbed McComas first. Trial counsel had evidence to support McComas's self-defense claim and that John was not harmed by McComas's actions.

John also testified as to the circumstances after McComas left and why he called the police. He testified that McComas called him afterward and told him that she was upset. After the telephone call, John felt that he should report the incident because he could tell in her voice that she was upset. John then called the police. After the police arrived, John voluntarily completed the Domestic Violence Statement Form which lead to the charge against McComas.

McComas further claims that she received ineffective assistance of counsel because trial counsel failed to inform her that the State would not offer a plea bargain to the charge in

4

district court, but she would have received a plea bargain if she demanded a jury trial. McComas's claim is based solely on her affidavit in support of a motion for a new trial, in which she stated that "I have subsequently been informed and believe that the State of Hawaii does not plea bargain domestic abuse cases at the District Court level, and that I would have had a better chance of getting a plea bargain if I had demanded a jury trial." McComas does not indicate from whom she received the alleged information, and the record does not substantiate it in any way.

McComas's claim that trial counsel should have sought a mental examination, pursuant to HRS § 704-404, was raised for the first time in her Reply Brief. Therefore, this point of error is waived. State v. Mark, 123 Hawai'i 205, 230, 231 P.3d 478, 503 (2010); Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(d) ("The reply brief shall be confined to matters presented in the answering brief.")

Thus, based on the above and having reviewed the record in this case, we cannot conclude that McComas has demonstrated specific errors or omissions by her trial counsel reflecting a lack of skill, judgment, or diligence, or that such errors or omissions resulted in the withdrawal or substantial impairment of a potentially meritorious defense.

(2) McComas also claims that her conviction disregards the legislative intent in enacting HRS § 709-906, and therefore, it constitutes plain error. McComas argues inter alia that both she and John did not want McComas to be convicted, and she claims that the charge should have been dismissed, continued, or deferred until rehabilitation was completed, without the necessity of branding her a "criminal." She relies on a legislative committee report from 1973, when HRS § 709-906 was first enacted. See S. Stand. Comm. Rep. No. 828, in 1973 Senate Journal, at 960.

McComas essentially claims that she should not be convicted under HRS § 709-906 because the legislative intent was for accused persons to be rehabilitated instead of found guilty

5

of a criminal offense. For statutory construction, the following guides our analysis:

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

State v. Bayly, 118 Hawai'i 1, 6, 185 P.3d 186, 191 (2008) (citation omitted). Based on the plain language of HRS § 709-906(1), "[i]t <u>shall be unlawful</u> for any person . . . to physically abuse a family or household member[.]" (Emphasis added). The legislature clearly intended that abusers be charged and, if found guilty, convicted. The penalties set forth in HRS § 709-906 are mandatory, not discretionary. See HRS § 709-906(5), (7) and (8). We therefore need not go beyond the plain language of the statute.

Even considering legislative history, we note that the Supplemental Commentary for HRS § 709-906 (1993) states in part:

> Act 266, Session Laws 1980, amended subsections (2) and (3) to authorize a police officer to make an arrest or take the actions specified in subsection (3) regardless of whether the physical abuse occurred in the officer's presence or not. The changes to this section and the enactment of § 709-907 were intended to expand the protection and remedies available to a spouse who is the victim of non-felonious offense against the person committed by the other spouse. While recognizing the expertise of the family court, the conference committee stated that "<u>your Committee is concerned that family court administrative policies may be diverting an inordinate number of petitions for summonses to counseling, and respectfully recommends that the court review its policy to ensure that the remedy the law creates not be vitiated by undue reluctance to employ it.</u>" Conference Committee Report No. 29-80 (33-80).

(Emphasis added.) HRS § 709-906 provides that an abuse victim, through prosecutors, can petition the family court for a penal summons or arrest warrant. However, it appears that in 1980, the legislature expressed its concern that a number of cases against

alleged abusers were being sent to counseling by the family court instead of employing the remedies under the statute.  The legislative history from 1973 that McComas cites must therefore be viewed in context given the more recent legislative committee report from 1980.  See Conf. Comm. Rep. No. 29-80, in 1980 House Journal, at 1085.

In support of her argument for a dismissal, McComas also argues that "the physical abuse was of a minuscule nature, did not cause any physical manifestation of injury or damage to a person's body other than a red mark," the parties are married, the parties reconciled, neither party sought a temporary restraining order, and neither party wanted to go forward with the case.

McComas did not argue below that her conduct was *de minimis* and that the case should be dismissed, pursuant to HRS § 702-236 (1993).[3]  Therefore, her argument based on *de minimis* conduct is waived.  HRAP Rule 28(b)(4).  Moreover, the family court found Officer Cory Gray's testimony and John's written statement to be credible and John's oral testimony and

---

[3]  HRS § 702-236 states:

§702-236  **De minimis infractions.**  (1)  The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:

(a)  Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the offense; or

(b)  Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(c)  Presents such other extenuations that it cannot reasonably be regarded as envisaged by the legislature in forbidding the offense.

(2)  The court shall not dismiss a prosecution under subsection (1)(c) of this section without filing a written statement of its reasons.

7

McComas's testimony not credible. John's Domestic Violence Statement Form stated that he had scratches and felt pain from the incident. "It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member[.]" HRS § 709-906(1). The term "physical abuse" in HRS § 709-906(1) means "to maltreat and connotes such treatment as will injure, hurt or damage a person." State v. Nomura, 79 Hawaiʻi 413, 416, 903 P.2 718, 721 (App. 1995) (citation omitted). Thus, contrary to McComas's claim, there was injury and hurt which constituted physical abuse under HRS § 709-906.

The fact that the parties were married goes to an essential element of the offense. In 2011, HRS § 709-906(1) stated "'family or household member' means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit." The State must prove that John and McComas were family or household members. Thus, being married does not support dismissal of the charge. Further, there is nothing in the statute that minimizes the offense because the parties reconciled and neither party obtained a temporary restraining order.

The State also correctly points out that recantation by a witness does not necessarily warrant an acquittal because the trier of fact may accept or reject any witness's testimony in whole or in part and determine that the truth lay in a prior inconsistent statement. State v. Clark, 83 Hawaiʻi 289, 303-04, 926 P.2d 194, 208-09 (1996). At trial, John denied any injury and pain as a result of the incident despite the Domestic Violence Statement Form that stated otherwise. The family court noted that both John and McComas were not being entirely truthful, which it attributed to their relationship and attempt to reconcile. Instead, the family court found John's Domestic Violence Statement Form more credible. "It is well-settled that an appellate court will not pass upon issues dependent upon the

8

credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citation, and brackets omitted) (block quote format changed).

McComas's conviction did not contravene the legislative intent of HRS § 709-906 and it was not plain error for the district court not to dismiss, continue or defer her charge.

Therefore, IT IS HEREBY ORDERED that the Judgment Guilty Conviction and Sentence, filed on November 9, 2011 in the Family Court of the Third Circuit, is affirmed.

DATED: Honolulu, Hawai'i, March 27, 2014.

On the briefs:

Jo Kim
M. Kanani Laubach

for Defendant-Appellant

Linda L. Walton
County of Hawai'i

for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

9